UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA

        Plaintiff,

v.                                                            Case No. 12-CR-20272
                                         Honorable Denise Page Hood

ABDUL MALIK AL-JUMAIL (D-3),

        Defendant.

_____/

## ORDER REGARDING VARIOUS MOTIONS

This matter comes before the Court on Defendant Abdul Malik Al-Jumail's ("Defendant") Motion in Limine to Reconsider Jury Instruction 7.18 **[Docket No. 365, filed September 21, 2014]**, Motion to Renew His Request to Sever **[Docket No. 392, filed October 22, 2014]**, and Motion to Adjourn Sentencing **[Docket No. 416, filed February 16, 2015]**.  The Government filed a Response to the Motion to Renew His Request to Sever **[Docket No. 399, filed December 1, 2014]** and Defendant filed a Reply to the Response **[Docket No. 400, December 8, 2014]**.

### I.  Background

Defendant was indicted on April 26, 2012 and charged with violating 18 U.S.C. § 1349, Health Care Fraud Conspiracy; and 18 U.S.C. § 371, Conspiracy to Pay and Receive Health Care Kickbacks.  Defendant was indicted for his role in a multimillion dollar health care fraud scheme that involved approximately 30

companies in the Detroit area.  Defendant Al-Jumail is believed to have billed Medicare for home health care and psychotherapy services that were either not provided or not medically necessary.  Defendant is also charged with paying kickbacks for Medicare information from Medicare beneficiaries whom Defendant Al-Jumail used to defraud Medicare.  Subsequent superseding indictments did not change the nature of the charges against Defendant Al-Jumail.  On September 30, 2015, a jury convicted Defendant on one count of conspiracy to commit health care fraud (18 U.S.C. § 1349) and one count of conspiracy to pay health care kickbacks (18 U.S.C. § 371).

## II.    Analysis

### A. Motion in Limine to  Reconsider Jury Instruction 7.18 [Docket No. 365]

Defendant argues that jury instruction 7.18 unfairly prejudices him by drawing attention to a statement made by Defendant to the government by specifically referencing his name even though he was not the only defendant to provide a statement to the government.  For the reasons previously stated on the record, this Motion is denied.

### B. Motion to Renew His Request to Sever [Docket No. 392]

In his Motion to Renew His Request to Sever, Defendant seeks renewal of his request to sever the trial of Defendant Abdul Malik Al-Jumail from that of co-

defendant Jamella Al-Jumail in order to preserve this issue for appeal.  Defendant argues that the underlying reasons in his initial request to sever were the same and a renewed request at the close of evidence would have been a mere formality. Defendant points to Ninth Circuit cases that waive the requirement to renew a motion to sever at the close of evidence in order to preserve it for appeal.  *See United States v. Decoud,* 456 F.3d 996, 1008 (9th Cir.2006) ("A defendant ... will not be found to have waived his challenge if he can show either that he diligently pursued severance or that renewing the motion would have been an unnecessary formality.").  The Sixth Circuit, however, does not recognize any waiver to the requirement.  "A severance motion will be deemed waived if it is not renewed at the end of the evidence."  *United States v. Swift*, 809 F.2d 320, 323 (6th Cir. 1987); *See also United States v. Ali*, 38 F. App'x 220, 223 (6th Cir. 2002).

The Sixth Circuit specifically warns against permitting a post-trial motion, because it "would thwart the rationale behind requiring the renewal in the first place, i.e., to foreclose the possibility that defendants will wait to make a meritorious motion until after the jury has rendered a verdict."  *United States v. Allen*, 160 F.3d 1096, 1107 (6th Cir. 1998).

For these reasons, Defendant's Motion to Renew His Request to Sever is denied.

C.  Motion to Adjourn Sentencing [Docket No. 416]

On February 16, 2015, Defendant filed a Motion to Adjourn sentencing for 60 days due to his hospitalization for deteriorating health.  This Motion is deemed moot, because the Court has already extended the sentencing date to April 21, 2015.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that Defendant Abdul Malik Al-Jumail's Motion in Limine to Reconsider Jury Instruction 7.18 **[Docket No. 365, filed September 21, 2014]** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Renew His Request to Sever **[Docket No. 392, filed October 22, 2014]** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Adjourn Sentencing **[Docket No. 416, filed February 16, 2015]** is deemed **MOOT**.


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  April 20, 2015

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 20, 2015, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager