# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.

**CRIMINAL CASE NO. 12-20272**
**CIVIL CASE NO. 17-11849**
**HON. DENISE PAGE HOOD**

**ABDUL MALIK AL-JUMAIL D-3,**

    Defendant.

_____/

# ORDER DENYING MOTION TO APPOINT COUNSEL
# WITHOUT PREJUDICE,
# MOOTING APPLICATION TO PROCEED
# WITHOUT PREPAYING FEES,
# GRANTING MOTION FOR EXTENSION OF TIME AND
# FOR AN ORDER REGARDING ATTORNEY-CLIENT PRIVILEGE
# and
# SETTING BRIEFING SCHEDULE

This matter is before the Court on the Defendant Abdul Malik Al-Jumail's Motion to Appoint Counsel. The Court has not determined whether an evidentiary is required because the Government has yet to file its Response to Defendant's Motion to Vacate Sentence under 28 U.S.C. § 2255. After review of the Government's response, if the Court determines an evidentiary hearing is required in this matter, the Court will appoint counsel to represent Defendant at the evidentiary hearing. See, Rule 8(a) and (c), Rules Gov. Sec. 2255 Proc. The Court denies without prejudice Defendant's Motion to Appoint Counsel.

Defendant also filed an Application to Proceed Without Prepaying Fees or Costs. No fees are required to file a § 2255 motion. Defendant's Application to Proceed Without Prepaying Fees or Costs is moot.

In Defendant's response to the Government's Motion for Extension of Time to File Response Brief and for an Order Regarding Waiver of the Attorney-Client Privilege, Defendant agreed to waive the privilege, but only as to the issues raised in Defendant's § 2255 motion.

Defendant's § 2255 motion raises two grounds: 1) that defense counsel failed to advise Defendant of his right to testify on his own behalf; and 2) that defense counsel's advice that Defendant reject a plea offer was prejudicial to Defendant. (Doc. No. 597, Pg ID 9473-74) Defendant's claims clearly waives any attorney-client privilege since it is necessary for the Government to defend the ineffective assistance of counsel claims raised. *United States v. Clark,* 2013 WL 74616, *1 (W.D. Mich. Jan. 7, 2013) (citing *In re Lott,* 424 F.3d 446, 452-54 (6th Cir. 2005)). Litigants cannot hide behind the privilege if they are relying upon privileged communications to make their case. *In re Lott,* 424 F.3d at 454. "'[T]he attorney-client privilege cannot at once be used as a shield and a sword.'" *Id.* (quoting *United States v. Bilzerian,* 926 F.2d 1285, 1292 (2d Cir. 1991)). The privilege remains the client's, and the client must take some affirmative step to waive it. *Id.* Where a habeas

petitioner has made the confidential relationship the subject of a constitutional inquiry, the waiver is implied. *Id.* The waiver is implied from the nature of the claim, not from the nature of the proceeding. *Id.* Defendant, having expressly waived the privilege, defense counsel may submit an affidavit to the Government as noted by the Government in its request to extend dates. The subject matter of the affidavit must be limited to the issues raised by Defendant in his § 2255 motion. An extension of time is now required to file the affidavit and subsequent briefs.

Accordingly,

IT IS ORDERED that Defendant's Motion to Appoint Counsel **(Doc. No. 609)** is DENIED without prejudice.

IT IS FURTHER ORDERED that Defendant's Application to Proceed Without Prepaying Fees or Costs **(Doc. No. 610)** is MOOT.

IT IS FURTHER ORDERED that the Government's Motion for Extension of Time to File Response/Reply and for an Order Regarding Waiver of the Attorney-Client Privilege **(Doc. No. 603)** is GRANTED. The following schedule governs this matter:

> 1) Trial Defense Counsel must submit an affidavit and any relevant documents relating to the issues raised by Defendant in the § 2255 motion to the Government by **August 25, 2017**;

2) The Government must file its Response to the § 2255 motion, along with filing Trial Defense counsel's affidavit and any relevant documents as exhibits, by **October 13, 2017.**

3) Defendant must file its Reply to the Government's Response by **November 10, 2017.**

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: August 8, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 8, 2017, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager