# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ABDUL MALIK AL-JUMAIL,

    DEFENDANT-PETITIONER,     CASE NO. 12-20272
                                                    CIVIL CASE NO. 17-11849
                                                    HON. DENISE PAGE HOOD

v.

UNITED STATES,

    PLAINTIFF-RESPONDENT.

_____/

## ORDER DENYING MOTION UNDER 28 U.S.C. § 2255 TO VACATE [#597] AND DENYING CERTIFICATE OF APPEALABILITY

**I. BACKGROUND**

On May 1, 2014, Defendant Abdul Malik Al-Jumail ("Al-Jumail"), along with his co-defendants, was charged in a Third Superseding Indictment with Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349) (Count I) and Conspiracy to Pay and Receive Health Care Kickbacks (18 U.S.C. § 371) (Count II). (Doc # 287) On September 30, 2014, after a twelve-week trial, a jury found Al-Jumail guilty on both counts. (Doc # 377) The Court sentenced Al-Jumail to be imprisoned for a total term of 120 months (ten years) for Count I, and 36 months (three years) for Count II. The Court entered a Judgment on May 22, 2015. (Doc # 450) Al-Jumail appealed his conviction, arguing that the prejudice he

1

suffered from being tried alongside his daughter co-defendant, caused by this Court's denial of his motion to sever, entitled him to a new trial. The United States Court of Appeals for the Sixth Circuit found Al-Jumail's challenge without merit, and affirmed the judgment. (Doc # 581)

On June 8, 2017, Al-Jumail filed the instant *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing his counsel was ineffective for (1) failure to advise Al-Jumail of his right to testify on his own behalf at trial; and (2) advising Al-Jumail to reject the plea deal offered by the government based upon a false belief regarding Al-Jumail's chances of being deported. (Doc # 597, Pg ID 4-5) The Government filed a Response on November 13, 2017. (Doc # 630) Al-Jumail filed a Reply on November 27, 2017. (Doc # 634)

For the reasons set forth below, Al-Jumail's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is **DENIED**.

## II. ANALYSIS

Section 2255 authorizes a federal prisoner to move the district court to vacate a sentence. 28 U.S.C. § 2255(a). Motions brought under Section 2255 are subject to a one-year limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996, generally running from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2253(f)(1); *Dunlap v.*

*United States*, 250 F.3d 1001, 1004-05 (6th Cir. 2001). As an initial matter, the Court notes that Al-Jumail's Motion was timely filed.

To prevail on a Section 2255 motion, the movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001).

**A. Ineffective Assistance of Counsel**

Al-Jumail argues his counsel was ineffective because he (1) failed to advise Al-Jumail of his right to testify on his own behalf at trial and (2) advised Al-Jumail to reject the plea deal offered by the government based upon a false assessment of Al-Jumail's chances of being deported. (Doc # 597, Pg ID 4-5) The Government responds that Al-Jumail's arguments lack merit because he has failed to show deficient performance by his counsel and he has not shown that his counsel's performance prejudiced him. (Doc # 630, Pg ID 5-13)

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test to show ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made

errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The defendant bears the burden of showing that counsel was deficient and that prejudice resulted from counsel's errors. *Id.* at 686-87.

Al-Jumail contends is trial counsel rendered ineffective assistance of counsel by failing to advise Al-Jumail of his right to testify at trial. Al-Jumail claims that his trial counsel's "sole strategy at trial was to attempt to impeach the government's witness during cross-examination," and that this strategy did not allow Al-Jumail "to deny the allegations made against him . . . in front of the jury and in his own words." (Doc # 597, Pg ID 4) Al-Jumail's trial counsel, Mr. Ayad

4

("Ayad"), asserts that he informed Al-Jumail of his right to testify in his own defense, and explained that Al-Jumail not testifying was a strategic decision because (1) there was a great risk that the jury would have found Al-Jumail untruthful; (2) Al-Jumail testifying would have potentially exposed him to impeachment with a prior conviction dealing with veracity; and (3) Al-Jumail's demeanor on the stand would have undermined the defense that he was an innocent and naïve victim of his co-defendant's influence and control. (Doc # 630-2, Pg ID 3, ¶ 12)

"The right of a defendant to testify at trial is a constitutional right of fundamental dimension and is subject only to a knowing and voluntary waiver by the defendant." *United States v. Webber*, 208 F.3d 545, 550 (6th Cir. 2000). Although the decision whether to testify rest solely with the defendant, "when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed." *Id.* at 551 (citation omitted). A defendant's attorney is presumed to follow the professional rules of conduct, and is "strongly presumed to have rendered adequate assistance" in carrying out the general duty "to advocate the defendant's cause and the more particular duties to consult with the defendant on important decisions and to keep the defendant informed of important developments in the course of the prosecution." *Id.* (quoting *Strickland*, 466 U.S. at 688-90).

"Barring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to sua sponte address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record." *Webber*, 208 F.3d at 551. Al-Jumail has not provided the Court with any evidence that he desired to testify on his own behalf at trial. His central dispute is with his trial counsel's strategy. Al-Jumail argues that his trial counsel "did nothing more than attempt to impeach credibility, through cross-examination." Such disagreement does not support finding deficient performance in light of a trial record that shows Al-Jumail was aware that his alleged co-conspirators were testifying, and he did not attempt to testify at any point when his counsel was asked about potential witnesses.

Even if the Court were to accept Al-Jumail's theory of deficient performance regarding his right to testify at trial, he has failed to show the strategy prejudiced him. Al-Jumail has failed to provide evidence that he would have testified, what information his testimony would have entailed, or that his testimony would have been different from the defense presented by his trial counsel. Al-Jumail has not provided the Court with any information to support a conclusion that, but for Ayad's alleged failure to inform Al-Jumail of his right to testify, the jury would not have found him guilty. Al-Jumail's first claim for relief under § 2255 fails.

Al-Jumail also contends his trial counsel's advice that he should reject the Government's plea offer was objectively unreasonable because it was based upon a false interpretation of applicable immigration law and an incorrect estimation of Al-Jumail's likelihood of deportation. The *Strickland* test applies to claims of ineffective assistance of counsel in the plea-bargaining context. *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012). To establish deficient performance, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 163.

To establish prejudice in the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice. *Id.* More specifically, a defendant must show that, but for counsel's errors, the defendant would have made a different decision. *Id.* (citation omitted).

First, Al-Jumail asserts that his trial counsel, Ayad, "was insistent upon the fact that if the [Al-Jumail] pled guilty then he would be deported from the United States." (Doc # 597, Pg ID 5) Al-Jumail claims that Ayad was incorrect for two reasons: (1) upon conviction Al-Jumail was subject to removal on at least two grounds, and (2) as a citizen of Yemen, Al-Jumail was ineligible for removal because he was subject to "temporary protected status" ("TPS"). (*Id.*) Al-Jumail is partially correct. He was subject to removal upon conviction, however, as the Government correctly pointed out, if Al-Jumail would have accepted the plea offer

and pled guilty to conspiracy to commit health care fraud, he would not have been eligible for TPS as a convicted felon. (Doc # 630, Pg ID 9-10)

Second, Al-Jumail asserts that Ayad convinced him that the case was "triable" and "winnable," and that if Al-Jumail was convicted, then Ayad would appeal to the Court for a sentence of 364 days or less "as [Ayad] was under the incorrect impression that such a sentence would not result in deportation." (Doc # 597, Pg ID 5) The Government concedes, if Ayad did explain to Al-Jumail that Ayad would argue for a sentence of less than one year to avoid deportation, Ayad's performance may have been deficient because the law is clear that Al-Jumail would have been subject to deportation if convicted of an aggravated felony. (Doc # 630, Pg ID 11)

In the Sentencing Memorandum submitted on behalf of Al-Jumail, Ayad emphasized five times that he was seeking a sentence of 364 days or less for Al-Jumail. (Doc # 421, Pg ID 1, 17, 19, 20, 24) During the Sentencing Hearing held on April 6, 2015, Ayad stated, "if [Al-Jumail] gets more than 364 days . . . if he gets a year or more, he would be subject to an aggravated felony and will be deported . . . ." (Doc # 521, Pg ID 71) The Court responded to Ayad asking, "But he is in danger of being deported even if I don't give him 364 days, right?" (*Id.*) Ayad responded, "No, Your honor, he would still be okay to address that . . . ." (*Id.* at 72) Following more questions on the issue, Ayad again reasserted his belief

8

that Al-Jumail could still avoid being subject to deportation. (*Id.*) The record is clear that Ayad held an erroneous belief about Al-Jumail's eligibility for deportation following a conviction. While Al-Jumail has not provided the Court with direct evidence that Ayad persuaded him to believe the same, the Court is convinced that Ayad's performance was deficient in this regard.

Even though the Court agrees that Al-Jumail's trial counsel committed an error of a constitutional nature, Al-Jumail has failed to establish that his trial counsel's error prejudiced him. In the present Motion, Al-Jumail states that Ayad's errors deprived him of the ability to accept responsibility and receive a lesser sentence. (Doc # 597, Pg ID 5) The Government responds that Al-Jumail has failed to contend that he would have accepted the Government's plea offer but for his counsel's alleged deficiency. (Doc # 630, Pg ID 12) The Court agrees with the Government.

"To show prejudice from ineffective assistance of counsel where a plea offer has been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012). The Supreme Court recently held that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead

look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

In *Lee*, the Supreme Court held that the defendant demonstrated a reasonable probability that he would not have pleaded guilty if he had known it would lead to deportation, and that the defendant's plea-counsel's erroneous advice regarding the deportation consequences of the guilty plea prejudiced the defendant. The *Lee* court found that there was "no question that deportation was the determinative issue in Lee's decision whether to accept the plea deal." *Id.* (citation and quotation omitted).

In the present case, the record indicates that Al-Jumail wanted to go to trial to demonstrate his innocence or obtain a shorter sentence. In his Reply to the Government's Response, Al-Jumail contends that his counsel's false belief regarding his eligibility for deportation was injurious because it influenced his decision to "reject a plea offer of 70-87 months in favor of proceeding to trial in hopes of convincing the court, if convicted, to impose a sentence of less than 365 days." (Doc # 634, Pg ID 12) The Government points out, that during February 2013, Al-Jumail signed an Acknowledgement rejecting the plea deal which clearly states that Al-Jumail wanted to go to trial to demonstrate his innocence. (Doc # 630-3, Pg ID 12) The Government has also provided an Affidavit from Ayad asserting that Al-Jumail rejected the plea offer because he understood the

deportation consequences of pleading guilty, *and* he wanted to challenge the Government's case and avoid a plea requiring so many years of imprisonment. (Doc # 630-2, Pg ID 3, ¶ 8-9)

Al-Jumail did not mention the Acknowledgement in the original § 2255 Motion. In his Reply, Al-Jumail alleges that his signature on the Acknowledgment is a forgery, and the document was fraudulently prepared by Ayad. (Doc # 630) Al-Jumail also accuses Ayad of other unethical conduct. (*Id.*) Al-Jumail requests an evidential hearing to prove his allegations against Ayad. In the Affidavit submitted by the Government in support of its Response to the present Motion, Ayad stated that Al-Jumail did "grieve me before the Michigan Grievance Commission and did not allege these particular allegations [of ineffective assistance of counsel] to the best of my knowledge, but was arguing over fees." (Doc # 630-2, Pg ID 3, ¶ 13)

Regardless of the veracity of Al-Jumail's allegations against Ayad regarding his unethical behavior, Al-Jumail has failed to establish that the likelihood of deportation was the determinative factor influencing his decision to reject the Government's plea offer. First, Al-Jumail's allegations regarding the falsity of the Acknowledgement provided by the Government were never mentioned before Al-Jumail's Reply. Second, before the Reply, Al-Jumail never argued that his counsel's advice regarding the likelihood of deportation was the determinative

factor informing his decision to reject the guilty plea. Finally, and most importantly, in the present Motion, Al-Jumail clearly states that he, "a citizen of Yemen, was (and still is) ineligible for removal because he was subject to 'temporary protected status', a designation afforded to Yemen citizens due to the fact 'there is an ongoing armed conflict' . . . requiring the return of nationals would pose a serious threat to their personal safety". (Doc # 597, Pg ID 5) Al-Jumail's primary concern is the sentence imposed by the Court.

The record indicates that both Al-Jumail and Ayad were primarily concerned with establishing his innocence and the length of the sentence imposed by this Court. Al-Jumail has not provided the Court with any evidence that the likelihood of deportation was his primary concern other than his statements made in his Rely to the Government. While Al-Jumail's likelihood of deportation was a consideration influencing the decision to reject the plea deal, it was not the determinative factor. Al-Jumail is serving a longer sentence as a consequence of his decision to reject the Government's plea offer, but he has not shown a reasonable probability that, but for Ayad's deficient performance, he would have accepted the Government's plea offer. Al-Jumail has not met the high standard to establish prejudice under *Strickland*. Al-Jumail has failed to establish that his trial counsel was ineffective.

The Court finds that Al-Jumail has failed to show that his trial counsel's deficient performance prejudiced him. Al-Jumail is not entitled to relief under 28 U.S.C. § 2255.

## III. CERTIFICATE OF APPEALABILITY

Rule 22 of the Federal Rules of Appellate Procedure provides that an appeal may not proceed unless a certificate of appealability is issued under 28 U.S.C. § 2253(c)(2). Rule 11 of the Rules Governing Section 2255 Proceedings requires that a district court issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). If a court issues a certificate of appealability, the court must state the specific issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). 28 U.S.C. § 2255(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).

A certificate of appealability will not be issued in this case because, as discussed above, the arguments raised by Al-Jumail in his Section 2255 Motion lack merit. For this same reason, the Court will not appoint counsel for an appeal.

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Abdul Malik Al-Jumail's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (Doc # 597) is **DENIED**.

IT IS FURTHER ORDERED that Abdul Malik Al-Jumail's civil action [Case No. 17-11849] is **DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that a certificate of appealability not issue in this case.

                    S/Denise Page Hood
                    Denise Page Hood
                    Chief Judge, United States District Court

Dated: February 21, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2018, by electronic and/or ordinary mail.

                    S/LaShawn R. Saulsberry
                    Case Manager