UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL MALIK AL-JUMAIL,

    DEFENDANT-PETITIONER,    CASE NO. 12-20272
                                                CIVIL CASE NO. 17-11849
                                                HON. DENISE PAGE HOOD

v.

UNITED STATES,

    PLAINTIFF-RESPONDENT.
_____/

**ORDER REGARDING EVIDENTIARY HEARING ON
INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM ON REMAND
and
ORDER DENYING DEFENDANT'S MOTION FOR BOND [#678]**

**I.    INTRODUCTION**

On May 1, 2014, Defendant Abdul Malik Al-Jumail ("Al-Jumail"), along with his co-defendants, was charged in a Third Superseding Indictment with Conspiracy to Commit Health Care Fraud (18 U.S.C. § 1349) (Count I) and Conspiracy to Pay and Receive Health Care Kickbacks (18 U.S.C. § 371) (Count II). [ECF No. 287] On September 30, 2014, after a twelve-week trial, a jury found Al-Jumail guilty on both counts. [ECF No. 377] The Court sentenced Al-Jumail to be imprisoned for a total term of 120 months (ten years) for Count I, and 36 months (three years) for Count II. The Court entered a Judgment on May 22, 2015. [ECF No. 450] Al-Jumail

1

appealed his conviction, arguing that the prejudice he suffered from being tried alongside his daughter co-defendant, caused by this Court's denial of his motion to sever, entitled him to a new trial. The United States Court of Appeals for the Sixth Circuit found Al-Jumail's challenge without merit and affirmed the judgment. [ECF No. 581]

On May 17, 2019, Al-Jumail filed a *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, arguing his counsel, Mr. Nabih Ayad ("Ayad") was ineffective for (1) failure to advise Al-Jumail of his right to testify on his own behalf at trial; and (2) advising Al-Jumail to reject the plea deal offered by the government based upon a false belief regarding Al-Jumail's chances of being deported. [ECF No. 597, Pg.ID 9473-74] On February 21, 2018, the Court denied Al-Jumail's Motion without an evidentiary hearing. [ECF No. 640] The Court found that Al-Jumail failed to show that his counsel's mistaken understanding about the possibility of Al-Jumail's deportation if he was convicted was "the determinative factor" that caused him to reject the Government's plea offer. [ECF No. 640]

Following this Court's decision, the Sixth Circuit remanded for an evidentiary hearing to determine the factual and credibility issues "that are central to resol[ving] Al-Jumail's ineffective assistance claim." [ECF No. 654] More specifically, the case was remanded to ascertain whether Al-Jumail rejected the Government's plea offer because his counsel told him that he would not be deported if he was sentenced to

less than one year. The case was also remanded to clear up factual questions concerning whether Al-Jumail had seen and signed an Acknowledgment explaining that he understood and rejected the Government's plea offer. Following the Sixth Circuit's remand, Al-Jumail filed the instant supplemental motion. [ECF No. 664]

Under the Sixth Circuit's narrow mandates, if Ayad's erroneous understanding of immigration law was the "determinative factor" that led Al-Jumail to decline the plea, or if Al-Jumail never signed an Acknowledgement, then Al-Jumail's counsel was constitutionally ineffective. But if Ayad's advice was not the determinative factor and if Al-Jumail received and signed an Acknowledgment, then Al-Jumail's claim fails. On May 23, 2019, the Court held an evidentiary hearing to address the narrow issues framed by the Sixth Circuit.

Citing the recent global pandemic of COVID-19, Al-Jumail also filed a Motion for Bond, [ECF No. 678] pending the Court's decision on his § 2255 Motion. The Government filed its Response on April 6, 2020. This Opinion and Order addresses those issues and resolves this case accordingly.

## II.   FINDINGS OF FACT

The Court makes the following findings of fact under Rule 52 of the Federal Rules of Civil Procedure based on the particular evidence cited, and on the Court's determinations of the witnesses' credibility. In making these factual findings, the Court has carefully weighed and considered all the submitted evidence. To the extent

that the record includes evidence that could support contrary or different factual findings, the Court expressly discounts and rejects that evidence as not credible or outweighed by consideration of the complete record.

1. The Court finds that Ayad did misunderstand applicable immigration laws and the effect that a conviction would have on Al-Jumail's potential deportation. During Al-Jumail's sentencing hearing, Ayad mistakenly believed that Al-Jumail would not be deported if he only received a sentence of less than one year. [ECF No. 669, Pg.ID 10351-52] Ayad admitted that he was mistaken, and that he based his belief on the fact that Al-Jumail was married to a U.S. citizen and that his firm was assisting him with his green card application.[*Id.* at 10352] Ayad thought Al-Jumail could have relief in an immigration court with a reduced sentence. [*Id.*]

2.  The Court also finds that Ayad's mistaken understanding of immigration law did not affect Al-Jumail's case until the sentencing phase and that Al-Jumail could not have been influenced by Ayad's mistaken belief if it was not made apparent until sentencing. Ayad supports this conclusion by explaining that he did not believe that Al-Jumail would ever get less than one year but was making a "zealous argument" to minimize his client's chances of deportation. [*Id.* at 10353]

3. The Court further finds that even if Ayad told Al-Jumail that he would not be deported if he received a sentence less than a year, Ayad's statement was not prejudicial because Ayad counseled Al-Jumail about his realistic chances of acquittal and the potential sentences that awaited him. [*Id.* at 10365-69] At the evidentiary hearing Ayad stated that he could not recall telling Al-Jumail that he could receive less than one year in prison, given his charges. [*Id.* at 10365] Ayad contends that he would not have said that because he meticulously explained to Al-Jumail that it would be almost impossible to receive less than one year and that he was facing 10-20 years. [*Id.*]

4. The Court also finds that Al-Jumail would not have accepted the plea deal "but for" Ayad's erroneous understanding of immigration law. The record establishes that other factors motivated Al-Jumail such as his willingness to "demonstrate his innocence or obtain a shorter sentence." [*Id.* at 10373]

5. The Court also finds that Ayad did submit an Acknowledgment to Al-Jumail and that Al-Jumail's signature was not forged. When Al-Jumail filed his § 2255 Motion he asserted that his signature was forged and that he had not previously seen the Acknowledgment that he signed. [ECF No. 597] At the evidentiary hearing, amid questioning by the Government comparing previous documents that he had signed, Al-Jumail backtracked and admitted that the signature on the Acknowledgment was his. [*Id.* at 10311] Al-Jumail then

5

asserted that he did not recall signing it and that Ayad must have given it to Al-Jumail to sign with other routine documents. [*Id.* at 10312]

6. The Court also finds that given the lack of corroborating evidence, Al-Jumail's testimony was not credible or worthy of acceptance on the key issues. Al-Jumail's main arguments rest on his credibility versus Ayad's. Ayad's testimony was supported by his co-counsel Ms. Zeina Djurovski ("Djurovski"), who testified that it would have been highly unlikely for Ayad to promise any specific sentence, especially a sentence so far outside the guideline range. [ECF No. 670, Pg.ID 10427] And Al-Jumail conceded that the signature on the Acknowledgment was his. That was one of the issues that potentially cast doubt on Ayad's credibility.

## III. ANALYSIS

### A. Ineffective Assistance of Counsel

Under the Sixth Amendment, a defendant has a right to "have the Assistance of Counsel for his defense." U.S. Const. Amend. VI. A defendant has a right to "reasonably effective assistance of counsel." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Supreme Court articulated a two-prong test to show ineffective assistance of counsel: "First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the

defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* "There is a strong presumption that legal counsel is competent." *United States v. Osterbrock*, 891 F.2d 1216, 1220 (6th Cir. 1989). In addition, a "reviewing court must give a highly deferential scrutiny to counsel's performance." *Ward v. United States*, 995 F.2d 1317, 1321 (6th Cir. 1993). "The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and in light of all the circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986).

To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The defendant bears the burden of showing that counsel was deficient and that prejudice resulted from counsel's errors. *Id.* at 686-87.

### B. Al-Jumail's Signature

As an initial matter, the Court's finding that Al-Jumail did sign an Acknowledgment answers one question posed by the Sixth Circuit in its remand. Given Al-Jumail's admission at the evidentiary hearing that the Acknowledgment featured his genuine signature, the Court finds that Al-Jumail's claim is without merit on the question of whether he signed an Acknowledgment.

### C. Ayad's Legal Advice

To establish prejudice in the context of pleas, a defendant must show the outcome of the plea process would have been different with competent advice. *Lafler v. Cooper*, U.S. 156, 163 (2012). More specifically, a defendant must show that, but for counsel's errors, the defendant would have made a different decision. *Id.* (citation omitted).

Al-Jumail asserts that Ayad convinced him that the case was "triable" and "winnable," and that if Al-Jumail was convicted, then Ayad would appeal to the Court for a sentence of 364 days or less "as [Ayad] was under the incorrect impression that such a sentence would not result in deportation." [ECF No. 597, Pg.ID 9474] The Government concedes, if Ayad did explain to Al-Jumail that Ayad would argue for a sentence of less than one year to avoid deportation, Ayad's performance may have been deficient because the law is clear that Al-Jumail would have been subject to deportation if convicted of an aggravated felony. [ECF No. 630, Pg.ID 9811]

In the Sentencing Memorandum submitted on behalf of Al-Jumail, Ayad emphasized five times that he was seeking a sentence of 364 days or less for Al-Jumail. [ECF No.421, Pg.ID 2598, 2614, 2616, 2617, 2621] During the Sentencing Hearing held on April 6, 2015, Ayad stated, "if [Al-Jumail] gets more than 364 days . . . if he gets a year or more, he would be subject to an aggravated felony and will be deported . . . ." [ECF No. 521, Pg.ID 8240] The Court responded to Ayad asking,

"But he is in danger of being deported even if I don't give him 364 days, right?" [*Id.*] Ayad responded, "No, Your honor, he would still be okay to address that . . . ." [*Id.* at 8241] Following more questions on the issue, Ayad again reasserted his belief that Al-Jumail could still avoid being subject to deportation. [*Id.*] The record is clear that Ayad held an erroneous belief about Al-Jumail's eligibility for deportation following a conviction. While Al-Jumail has not provided the Court with direct evidence that Ayad persuaded him to believe the same, the Court is convinced that Ayad's performance was deficient in this regard. Having established that Ayad's performance regarding the possibility of Al-Jumail's deportation fell below Sixth Amendment standards, the Court must now determine whether Ayad's error prejudiced Al-Jumail.

Although Ayad had an erroneous belief regarding Al-Jumail's potential for deportation, Al-Jumail's claim still fails because he cannot show that "but for" Ayad's understanding of deportation rules, Al-Jumail would have accepted the plea. In his § 2255 Motion, Al-Jumail states that Ayad's errors deprived him of the ability to accept responsibility and receive a lesser sentence. [ECF No. 597] The Government responds that Al-Jumail has failed to contend that he would have accepted the Government's plea offer but for his counsel's alleged deficiency. [ECF No. 630, Pg.ID 9812]

"To show prejudice from ineffective assistance of counsel where a plea offer has been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel." *Missouri v. Frye*, 566 U.S. 134, 147 (2012). The Supreme Court recently held that "[c]ourts should not upset a plea solely because of *post hoc* assertions from a defendant about how he would have pleaded but for his attorney's deficiencies. Judges should instead look to contemporaneous evidence to substantiate a defendant's expressed preferences." *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

In *Lee*, the Supreme Court held that the defendant demonstrated a reasonable probability that he would not have pleaded guilty if he had known it would lead to deportation, and that the defendant's plea-counsel's erroneous advice regarding the deportation consequences of the guilty plea prejudiced the defendant. The *Lee* court found that there was "no question that deportation was the determinative issue in Lee's decision whether to accept the plea deal." *Id.* (citation and quotation omitted).

Here, Al-Jumail claims that he "relied completely and exclusively upon [Ayad's] advice [regarding his chances of deportation] . . . when making a decision to reject the government's offer of a plea . . . ." Al-Jumail states that he "WOULD have accepted" the plea "but for [Ayad's advice] to the contrary." [ECF No. 634, Pg.ID 9883]

10

### D. Evidentiary Hearing

On May 23, 2019, the Court held an evidentiary hearing to determine how Ayad's understanding of deportation law may have influenced Al-Jumail's decision to reject the Government's plea offer. At the evidentiary hearing Al-Jumail testified on his own behalf, and Ayad and Djurovski testified on behalf of the Government.

At the hearing Al-Jumail testified that Ayad provided ineffective assistance by advising him to proceed to trial rather than taking a plea deal for seven years. According to Al-Jumail, Ayad assured him that a sentence shorter than one year would prevent Al-Jumail's deportation. [ECF No. 669, Pg.ID 10304] Al-Jumail claims that Ayad told him his case was "winnable" and that the "worst case scenario would be 364 days or less." [*Id.* at 10304]

During the Government's examination, it established that Ayad worked as a lawyer for twenty years and has primarily practiced state and federal criminal law, civil rights law, and heavy-duty litigation. [*Id.* at 10344] Ayad also stated that he has "some immigration" experience. [*Id.*]

Ayad admitted that he misunderstood what effect a sentence of less than one year would have on Al-Jumail's likelihood of deportation. [*Id.* at 10352] He also testified that he knew there "was absolutely no way [Al-Jumail] could get" less than a year and that it was "impossible." [*Id.*] Ayad claimed that he was "making a zealous argument." [*Id.*]

11

At the evidentiary hearing, Ayad also expressed that he "made it clear to [Al-Jumail] that if he [went] to trial [he would have been] looking at more years and it could be a larger amount [of loss] and for sure he will be deported on both grounds . . . ." [*Id.* at 10363] Ayad based his statement on his belief that Al-Jumail had a strong likelihood of receiving 10-20 years. [*Id.* at 10353] Ayad testified that he does not recall telling Al-Jumail that he had a possibility of receiving a sentence of less than one year. [*Id.* at 10395-96]

Ayad's credibility is further supported by his co-counsel's testimony. Djurovski testified that both she and Ayad advised Al-Jumail that he should accept the Government's offer. Djurovski recounted telling Al-Jumail that a trial would be a "shot in the dark." [ECF No. 670, Pg.ID 10428] Djurovski stated that she had never heard Al-Jumail talk about receiving a sentence of less than a year, but that if she had, she would have explained how implausible that was. [*Id.* at 10429]

During its questioning of Al-Jumail, the Government established that Djurovski worked with Al-Jumail on his civil immigration matters such as filing his application for permanent legal residence. [ECF No. 669, Pg.ID 10318] Even though Djurovski represented Al-Jumail on his immigration issues, neither Al-Jumail nor Djurovski recalled ever discussing a 364-day sentence and deportation. [*Id.* at 10322; ECF No. 670, Pg.ID10429] When prompted by the Government, Al-Jumail

responded that it was not his responsibility to bring urgent immigration matters to his attorney. [ECF No. 669, Pg.ID 10323]

At the evidentiary hearing, the Government also sought to discredit Al-Jumail. The Government indicated that after Al-Jumail was sentenced to 10 years, he still retained Ayad for his appellate proceedings. [*Id.* at 10326] The Government highlights that Al-Jumail did not file a grievance against Ayad until 2017, only after Ayad sought to collect payment via the lien on Al-Jumail's house. [*Id.* at 10328] The Government also established that prior to Al-Jumail's 2017 grievance, Ayad had not received any grievances in his career. Ayad did, however, admit to a professional misconduct violation stemming from "an accounting error in [his] IOLTA account." [*Id.* at 10347]

### E. Analysis

Although the legal sufficiency of a motion to vacate may be subject to de novo review, the rule is that "[f]indings of fact anchored in credibility assessments are generally not subject to reversal" on appellate review. *United States v. Taylor*, 956 F.2d 572, 576 (6th Cir. 1992) (en banc). The district court's determination cannot be "clearly erroneous" when "there are two permissible views of the evidence." *Anderson v. City of Bessemer City*, 470 U.S. 564, 574 (1985).

Here, the Court is presented with a classic issue of credibility. Ayad says one thing and Al-Jumail says another. *Lee* provides that we cannot rely on a defendant's

post-hoc assertions about how he would have pleaded but for his attorney's deficiencies. 137 S. Ct. at 1967. Instead, the Court must look to "contemporaneous evidence" to supplement the record. *See id.*

To support his assertion that he went to trial because Ayad assured Al-Jumail that he would receive a sentence less than 365 days, and that he would not be deported Al-Jumail is only able to provide his own testimony. This case is further complicated by the admission that Ayad *did* in fact believe that a sentence of 364 days would prevent deportation. However, this fact *alone* is not outcome determinative. Ayad's erroneous understanding of deportation would only have affected Al-Jumail if Ayad strongly believed and advised that Al-Jumail could receive less than a year if Al-Jumail went to trial.

In reaching this finding on credibility, the Court relies on *Moss v. United States*, 323 F.3d 445, 470 (6th Cir. 2003). *Moss* also involved an evidentiary hearing that turned on issues of credibility. *Id.* at 453. *Moss* opined that when examining an attorney's credibility, the Court may look to "defense counsel's testimony as to his customary practices" and the "discredited testimony of the petitioner." *Id.* at 469.

*Moss* compels the same result in the instant case. Ayad provided testimony regarding his longstanding history and competence in several areas of criminal law, and he talked about his customary procedures when he advises clients about

plea offers. Ayad also talked about the specific advice that he offered Al-Jumail in this case. Ayad told Al-Jumail that his case was not good "because of the amount of evidence against him as well as the testimonial evidence of other co-defendants." [ECF No. 669, Pg.ID 10364]

The Court also finds that Ayad's career as a criminal defense attorney speaks to his credibility regarding how he counseled Al-Jumail. *See Gonzales v. Elo*, 233 F.3d 348, 355 (6th Cir. 2000) (finding that courts may rely on defense counsel's self-described customs on advising criminal clients). Ayad admitted that the Government's case was strong. [ECF No. 10360] Ayad also had a practice of recommending that clients look at all outcomes before deciding to go to trial. In response to Al-Jumail's wish to "roll the dice," Ayad testified that he "takes [the decision to go to trial] seriously with all [of his] clients." [*Id.* at 10364] The Court finds that it is unlikely that Ayad ignored past behavior and told Al-Jumail that he would receive such a short sentence. Even if Ayad's mistaken belief about deportation was communicated to Al-Jumail, it is highly unlikely that Ayad would have told Al-Jumail that such a short sentence was possible.

The record also belies Al-Jumail's testimony that Ayad forged his signature on the Acknowledgment. Ayad expressly testified that he discussed the Government's plea offer with Al-Jumail, and Al-Jumail conceded that the Acknowledgment contained his signature.

Al-Jumail fails to demonstrate that Ayad's erroneous belief about immigration law was communicated to him at the time he rejected the plea. Al-Jumail also fails to establish that such erroneous advice would have been the "determinative factor" in his case. It was not Ayad's mistaken belief about his chances of deportation that motivated Al-Jumail to go to trial. Rather, Al-Jumail's wish for a shorter sentence and desire to establish his innocence prompted Al-Jumail to reject the plea offer. Al-Jumail's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 as to the remaining ineffective of counsel claim on remand is **DENIED**.

## IV. MOTION FOR BOND

Because Al-Jumail's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 is denied, the Court also **DENIES** Al-Jumail's Motion for Bond. As for Al-Jumail's arguments that he is at heighted risk of contracting COVID-19 and developing serious complications, the Court finds that it does not have jurisdiction to hear those claims.

Al-Jumail filed a § 2255 motion with this Court attacking the constitutionality of his sentence. Now that the Court has ruled, Al-Jumail's Motion regarding prison conditions is more properly presented in a Motion under 28 U.S.C. § 2241. This is more properly understood as "an attack upon the execution of the sentence" cognizable in Section 2241. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir.

1979). As such, venue for a § 2241 action lies in the district "wherein such person is in custody," in this case, the District of New Jersey. *See*, Title 28 U.S.C., § 2241 (d).

## IV. CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Defendant Abdul Malik Al-Jumail's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 as to the remaining ineffective of counsel claim on remand is **DENIED and DISMISSED WITH PREJUDICE**.

IT IS FURTHER ORDERED that Abdul Malik Al-Jumail's Motion for Bond [#678] pending the Court's determination of his § 2255 Motion is **DENIED**.

s/Denise Page Hood
Chief Judge, United States District

DATED: May 4, 2020